IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFREY A. ZIEGLER,

                                 ORDER

                Plaintiff,

                           07-cv-721-bbc

      v.

KWIK TRIP, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Kwik Trip, Inc. has moved for summary judgment on plaintiff Jeffrey Ziegler's claim that defendant fired him because of his age and because he complained about discriminatory practices by defendant, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634.  Plaintiff's opposition materials were due on October 31, 2008. When plaintiff did not respond to defendant's motion, defendant filed a reply brief on November 12, in which it asked that its proposed findings of fact be accepted as undisputed in accordance with the court's summary judgment procedures.  Dkt. #23.

On November 17, the court received a letter dated November 14 on behalf of counsel for plaintiff, but not signed by him.  The letter stated, "Attorney Jardine is aware of defendant's reply brief and will respond to the argument when he returns to the office on

1

Monday, November 17, 2008." Dkt. #24. Plaintiff has not filed a "response" to defendant's reply brief and the court has received no other filings from plaintiff.

In its proposed findings of fact, defendant says that it terminated plaintiff "because he violated Kwip Trip's policies by falsifying booth notes and failed to complete his action plans as part of his performance management process as directed." DPFOF ¶ 48, dkt. #21. Plaintiff has not adduced any evidence disputing these facts and showing that he was fired because of his age or because of activity protected by the ADEA. "As the party resisting summary judgment, Plaintiff had the burden to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." Borello v. Allison, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotations omitted). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.") Because plaintiff failed to meet his burden, I must grant defendant's motion for summary judgment.

ORDER

IT IS ORDERED that defendant Kwik Trip, Inc.'s motion for summary judgment is

GRANTED.  The clerk of court is directed to enter judgment in favor of defendant and close

this case.

Entered this 21st day of November, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge